# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RITA J. CINDRICH, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 17-1650 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| MICHAEL FISHER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER OF DISMISSAL

This case will be dismissed on the grounds of *res judicata*. Plaintiff's claims already have been finally adjudicated by this Court in Civil Action Number 05-1348, thus barring relitigation.

Plaintiff filed her first complaint in Case No. 05-1348 on September 28, 2005; and she filed an amended complaint on December 19, 2005. *See* Docs. 1 & 2 in Civ. Action No. 05-1348.[1] A motion to dismiss the amended complaint was granted in part and denied in part on April 10, 2006. Doc. 18. On May 26, 2006, Plaintiff filed a second amended complaint, asserting six causes of action: 1) violation of Pennsylvania's Whistleblower Law, 42 Pa. Cons. Stat. §1422, *et seq.*; 2) violation of the First Amendment to the United States Constitution; 3) retaliation in violation of the First Amendment; 4) defamation; 5) civil conspiracy; and 6) intentional infliction of emotional distress. Doc. 28.

On May 31, 2007, Judge Donetta Ambrose granted the defendants' motion for summary judgment on Plaintiff's claims for First Amendment retaliation, defamation, civil conspiracy and intentional infliction of emotional distress. Cindrich v. Fisher, 512 F. Supp. 2d 396, 406 (W.D. Pa. 2007). Judge Ambrose dismissed several of Plaintiff's whistleblower claims as time barred;

---

[1] The remaining docket-citations, herein, all refer to the filings in Civil Action No. 05-1348.

granted summary judgment on another whistleblower claim; and declined to exercise supplemental jurisdiction over the remaining state whistleblower claims, dismissing those claims without prejudice. Id. The final judgment was affirmed by the Court of Appeals for the Third Circuit. Cindrich v. Fisher, 341 F. App'x 780, 783 (3d Cir. July 8, 2009).

On May 30, 2017, Plaintiff filed an "Amended Complaint" in Civil Action No. 05-1348 (Doc. 57), which Judge Ambrose ordered stricken because the matter had been fully and finally adjudicated ten years prior. Doc. 58. On October 13, 2017, Plaintiff filed a document titled "Third Amendment Complaint" (Doc. 59), which Judge Ambrose again ordered stricken. Doc. 60.

Unsatisfied with these rulings, Plaintiff has filed a new lawsuit, which shares the same parties, facts and legal issues as in 05-1348. The language of the Complaint is nearly identical to the "Third Amendment Complaint" in the prior case, and Plaintiff attaches a "[Proposed] Order" from the prior case, with the old case number crossed out, and the new one written-in.

Under the doctrine of *res judicata*, litigants are barred from seeking relief for the same claims where the Court has issued a final judgment on the merits in a prior suit between the parties. E.E.O.C. v. U.S. Steel Corp., 921 F.2d 489, 491 (3d Cir. 1990). This Court already has evaluated Plaintiffs' claims and issued final judgment on the merits. Plaintiff cannot properly circumvent Judge Ambrose's rulings simply by filing the same papers under a different case number. *Res judicata* bars this action, and the case is **DISMISSED WITH PREJUDICE**.[2]

IT IS SO ORDERED.

January 29, 2018                                                          s/Cathy Bissoon
                                                                                          Cathy Bissoon
                                                                                          United States District Judge

---

[2] The court may *sua sponte* dismiss a claim on *res judicata* grounds when it is on notice that it previously decided the issues presented. Arizona v. California, 530 U.S. 392, 412 (2000); *see e.g.*, Salerno v. Corizine, 449 Fed. Appx. 118, 122 (3d Cir. Oct. 26, 2011) (affirming district court's *sua sponte* dismissal on same grounds).

cc (via ECF email notification):

Rita J. Cindrich